MOORE, Judge.
The appellant in this case was the plaintiff in the trial court and commenced suit to recover a portion of the deposit he advanced to the appellee, a yacht broker, for the purchase of a yacht then in the possession of the appellee. Suit was instituted to recover the balance remaining on his deposit after the purchase transaction failed to close. The trial court found for the appel-lee on its counterclaim for a brokerage commission. We reverse.
Appellant executed an offer to purchase a yacht and placed a deposit with the appellee who was the broker handling the sale of a foreign seller. Although the record does not present clear reasons for the failure to complete the transaction, it does reflect that the foreign seller was unable to provide adequate title documentation. It further reflects that the appellant and ap-pellee agreed to a rescission of the purchase offer and a return of the deposit. Because appellant had requested certain repairs to the yacht prior to closing the transaction, the appellee agreed to return the deposit, less $1,000 representing the cost of the repairs and less $75.00 representing the cost of painting a new name on the transom of the yacht. If the broker was successful in seeking reimbursement for the repairs from the seller, he agreed to return the $1,000 to the appellant. Although the record unequivocally shows that the seller reim *570 bursed the appellee for the repairs, the ap-pellee refused to return the full deposit to appellant. We find this refusal to have been unjustified and hold that the trial court erred by failing to enter judgment in favor of the appellant.
We also find that the judgment entered in favor of the appellee on its counterclaim for a commission is not supported by the record. The offer to purchase specified that the seller, not the appellant, was obligated for the commission. Since there is an absence of any contractual obligation of the appellant in this regard, the award to the appellee was clearly erroneous.
This cause is reversed with directions to enter a final judgment in the amount of $1,000 in favor of the appellant.
REVERSED AND REMANDED.
BERANEK and HURLEY, JJ., concur..